IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICADO WRAY, SR.,

Plaintiff,

v.

SHERIFF MARK GARTON, Polk Co.
Sheriff's Office, et al.,

Defendants.

Case No. 3:18-cv-01617-SB

**ORDER OF DISMISSAL**

MOSMAN, J.,

Plaintiff, formerly an inmate at Santiam Correctional Institution, brings this civil rights

action pursuant to 42 U.S.C. § 1983, alleging that he was subjected to unconstitutional conditions

of confinement in the Polk County Jail. This Court grants Plaintiff's Application to Proceed *In

Forma Pauperis* (ECF No. 1). However, for the reasons set forth below, this Court dismisses

Plaintiff's Complaint (ECF No. 2) for failure to comply with Fed. R. Civ. P. 8(a).

## DISCUSSION

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." A claim for relief "is the aggregate of operative

1 - ORDER OF DISMISSAL

facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000). Plaintiff's Complaint does not include a short and plain statement showing that he is entitled to relief. Rather, Plaintiff has alleged a multitude of constitutional violations, based on discrete incidents, in a single claim for relief. Specifically, in his sole claim for relief Plaintiff alleges that he was denied access to the courts, adequate medical care, due process, and equal protection. Additionally, Plaintiff alleges that Defendants engaged in retaliation and verbal harassment, and they mishandled his legal mail. Most of the alleged constitutional violations are not attributed to specific Defendants. Consequently, Defendants do not have a fair opportunity to file a responsive pleading.

Accordingly, this Court dismisses Plaintiff's Complaint for failure to comply with Fed. R. Civ. P. 8(a). Plaintiff may file an Amended Complaint, within thirty days of the date of this Order, setting forth separate claims for relief. For instance, if Plaintiff seeks to prove that he was denied access to the courts, he must allege a First Amendment claim with facts giving rise to a reasonable inference that each Defendant named in the claim was personally involved in the alleged violation. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that liability under § 1983 arises only upon a showing of personal participation by the defendant).

## CONCLUSION

Based on the foregoing, this Court GRANTS Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) and DISMISSES his Complaint (ECF No. 2), without prejudice. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within thirty days of the date of this Order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding, with prejudice.

This Court denies Plaintiff's request for the appointment of counsel (*see* Pl.'s Compl. at 12) because Plaintiff has demonstrated sufficient ability to articulate his claims in light of the complexity of the case, and he has not demonstrated a likelihood of success on the merits.

IT IS SO ORDERED.

DATED this 27 day of November, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge